**PLYMOUTH COUNTY NUCLEAR INFORMATION COMMITTEE, INC., et al., Plaintiffs, Appellants,**

v.

**BOSTON EDISON CO., et al., Defendants, Appellees.**

**No. 81–1009.**

United States Court of Appeals, First Circuit.

Argued June 2, 1981.

Decided July 20, 1981.

---

Benjamin Hiller, Cambridge, Mass., with whom Goldstein, Pressman & Stern, William Abbott, and Penn Moulton, Cambridge, Mass., were on brief, for appellants.

R. K. Gad, III, Boston, Mass., with whom George H. Lewald, Roscoe Trimmier, Jr., Ropes & Gray, James D. St. Clair, James L. Quarles, III, William F. Lee, William K. Dodds, and Hale & Dorr, Boston, Mass., were on brief, for appellee Boston Edison Co.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiffs, Plymouth County Nuclear Information Committee, Inc. and six individual residents of Plymouth, Massachusetts,[1] instituted this action in the Massachusetts Superior Court on April 19, 1979. Alleging separate counts of negligence, battery, trespass, and eminent domain, they sought, *inter alia*, to enjoin defendant Boston Edison Co. from operating the Pilgrim Unit I Nuclear Power Station ("Pilgrim I") and to recover damages for injuries allegedly caused by the plant's release of low-level radiation during the course of its normal operations. On May 9, 1979, the superior court denied both plaintiffs' request for a preliminary injunction and Boston Edison's motion to dismiss the complaint. On May 10, 1979, Boston Edison removed the action to the United States District Court for the District of Massachusetts, which subsequently denied plaintiffs' motion to remand.

On December 15, 1980, the district court, in an oral ruling made at the close of argument,[2] granted Boston Edison's motion to "strike" those portions of the second amended complaint "which deal with the injunctive relief requested with respect to future operation of Pilgrim I." While the scope of the district court's order is not entirely clear,[3] the stricken material centered around plaintiffs' request

2. That the Defendant, Boston Edison, be preliminarily and permanently enjoined from continuing to operate the Pilgrim I nuclear power plant until:

a) The Pilgrim I plant can be operated without the emission of dangerous quantities of radiation.

The order to strike was predicated on the court's determination that the Nuclear Regulatory Commission, which licensed and oversees the operations of Pilgrim I, has exclusive authority to regulate the plant's radioactive effluent levels, and that federal legislation in the nuclear power field has "preempted" state common law actions

---

1. Plaintiffs have amended their complaint twice, and the current complaint names only three individual plaintiffs who purport to represent "all persons living within three (3) miles of the Pilgrim I nuclear power plant." Class certification is presently being sought in the district court.

2. We do not think the fact that the order was oral and never reduced to writing affects its appealability. The parties have treated the district court ruling as being in the *form* of an appealable order. Cf. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

3. Defendant's motion specifically listed the portions of the complaint it sought to strike, including two prayers for relief in their entirety, portions of three requests for what would amount to declaratory relief, and various allegations. At the December 15 hearing, however, plaintiffs asserted that many of these sections had relevance to their claims for damages and medical treatment, as well as to the request for injunctive relief contained in prayer 2(a), *infra*. In response, the court, while "allow[ing] the motion to strike, whether I treat it as a motion to strike or motion to dismiss prayer 2(a)," made "absolutely clear" that its orders dealt only with "those portions of the allegations ... which deal with the injunctive relief requested with respect to future operation of Pilgrim I." It is unclear, however, exactly which portions of the complaint, other than prayer 2(a), have been stricken.

seeking to enjoin operation of a federally licensed nuclear power facility.[4] We do not address this complicated preemption issue, however, since we conclude that the order to strike is not presently appealable.

Plaintiffs rely on 28 U.S.C. § 1292(a)(1) as the basis for this court's jurisdiction to review the district court's interlocutory order.[5] Section 1292(a)(1), an exception to the general federal policy that only *final* decisions of the district courts are reviewable on appeal, *see* 28 U.S.C. § 1291, authorizes appeal as of right from "interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions." Plaintiffs contend that the order at issue here has the "practical effect" of "refusing" the requests for injunctive relief contained in their complaint, and we agree. The district court has determined, as a matter of law, that such injunctive relief is unavailable, and has thus erected a "legal barrier" foreclosing any meaningful future consideration of a formal application for injunction, either interlocutory or permanent. *Stewart Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 828–30 (2d Cir. 1963) (Friendly, J., dissenting), *cert. denied*, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964); *see General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433, 53 S.Ct. 202, 203, 77 L.Ed. 408 (1932).

The Supreme Court has made clear, however, that

> [f]or an interlocutory order to be immediately appealable under § 1292(a)(1), . . . a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited ex-

ception to the final judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of "permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Baltimore Contractors, Inc. v. Bodinger, supra*, 348 U.S. [176] at 181 [75 S.Ct. 249, 252, 99 L.Ed.2d 233]. Unless a litigant can show that an interlocutory order of the District Court might have "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

*Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981).

 Interlocutory orders striking claims for injunctive relief, entered early in the course of litigation, will often satisfy this test, since the foreclosure of relief *pendente lite* may have an immediate, and potentially serious, impact of the sort justifying immediate appeal. *See Carson*, 450 U.S. 86, 87, 101 S.Ct. at 998; *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. at 433, 53 S.Ct. at 203; *cf. Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 482, 98 S.Ct. 2451, 2454, 54 L.Ed.2d 477 (1978). In this case, however, at the time the order to strike was entered, plaintiffs' motion for preliminary relief had already been denied. *See supra*. Plaintiffs never sought to appeal this denial, nor did they, in the course of over a year and a half between the denial and the entry of the in-

---

**4.** The court did not explicitly state its rationale for granting the motion at the December 15 hearing. It made reference, however, to a written memorandum and order it had entered in a related case—an order with which counsel for both sides were familiar—in which its preemption analysis was outlined in some detail. *Massachusetts Coalition of Citizens with Disabilities v. Civil Defense Agency*, C.A. 80–794–MC (D.Mass. May 12, 1980) (denying injunctive re-

lief), *aff'd on other grounds*, No. 80–1250, slip op. (1st Cir. May 26, 1981).

**5.** The district court denied plaintiffs' motion that it "grant . . . leave to take an interlocutory appeal on this issue to the First Circuit." We take this to have been a motion for "certification" of the issue pursuant to 28 U.S.C. § 1292(b); it might possibly be construed also as a request for entry of final judgment under Fed.R.Civ.P. 54(b).

stant order,[6] seek reconsideration of the denial in the district court or renew their request for an interlocutory injunction. The court's order striking this part of the complaint was not addressed to any renewed attempt by plaintiffs to secure preliminary relief, or even any effort by defendant aimed particularly at forestalling preliminary relief. To all appearances, preliminary relief, as opposed to final injunctive relief, had become in this case a dead issue. Under the circumstances, we think plaintiffs are hard pressed to demonstrate that the instant order has any *immediate* consequences of a serious nature, or that they will suffer "irreparable harm" pending final disposition of the case in the district court.[7] *Cf.* 16 Wright, Miller, Cooper & Gressman, *Federal Practice & Procedure* § 3924, at 69–70 (1977) (dismissal of counts seeking preliminary and permanent injunctive relief should be immediately appealable under section 1292(a)(1) "only if the request

for a preliminary injunction was in fact being pressed"). To be sure, the district court may have "finally" determined the "legal sufficiency" of plaintiffs' claims for injunctive relief, *cf. Gardner*, 437 U.S. at 481, 98 S.Ct. at 2453.[8] Even so, its order has the "practical effect" only of denying *permanent* injunctive relief, and as such may be "effectually challenged" on appeal from final judgment.[9] Such an order, we think, is, despite whatever aspects of "finality" it may possess, immediately appealable only pursuant to Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b).

There are sound policy reasons that militate against permitting, as of right, interlocutory appeals from orders which affect only a claim to permanent relief. In general, the "congressional policy against piecemeal review" seems increasingly a wise one in light of the ever crowded dockets of the courts of appeals. Moreover, there is a

**6.** Plaintiffs' second amended complaint was not filed until September 9, 1980. However, neither of the amended complaints added any new grounds on which preliminary relief might be granted. (The first amended complaint deleted the "eminent domain" count and struck paragraphs relating to relief sought from state agencies which were subsequently dismissed pursuant to an agreement with plaintiffs. The second amended complaint was filed primarily to redefine the putative plaintiff class. It also deleted the requests for damages as such; instead, it prayed that certain questions pertaining to liability be submitted to the jury which, if decided in plaintiffs' favor, would serve as a predicate to individual damages claims.) Prayers for relief similar to the one stricken were contained in all three versions of the complaint.

**7.** There is some indication that the immediate importance of the instant order, to both plaintiffs and defendant, lies primarily in its possible effect on the pending request for class certification. Plaintiffs have argued to the district court that the propriety of maintaining this suit as a class action should, because of the claims for injunctive and declaratory relief, be judged under Fed.R.Civ.P. 23(b)(2) rather than under the relatively more stringent requirements of Rule 23(b)(3). It is clear, however, that whatever effect the order has on the motion for class certification it is insufficient to justify appeal under section 1292(a)(1). *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451, 54 L.Ed.2d 477 (1978).

**8.** We note, however, that the district court has explicitly stated its willingness to reconsider

the underlying legal issue dependent on the outcome of a case currently pending before the Court of Appeals for the Ninth Circuit.

**9.** It is true that the district court was not barred, as of December 15, 1980, from entertaining a renewed request for an interlocutory injunction. *See Hill v. United States Fidelity & Guaranty Co.*, 428 F.2d 112, 114–15 (5th Cir. 1970), *cert. denied*, 400 U.S. 1008, 91 S.Ct. 564, 27 L.Ed.2d 621 (1971); *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953); 1A Moore's *Federal Practice* ¶ 0.157[10.-2], at 133 (1980). It might therefore be argued that the instant order has the "immediate" and "harmful" effect of creating an obstacle to such reconsideration, even should circumstances change in a manner rendering the need for interim relief more compelling. However, the district court is still able to reconsider *all* of the interlocutory orders entered in this case, including the one currently sought to be appealed. Moreover, we think there would be a limit to the extent to which a motion for "reconsideration" of a denial of a preliminary injunction, made long after the time for appeal of the initial order had passed, would render the denial subject to appellate review. *See* 16 Wright, Miller, Cooper & Gressman, *Federal Practice & Procedure* § 3924, at 87–89 (1977). On balance, we think the possibility of serious or irreparable harm to plaintiffs pending final judgment is, in this case, too remote to warrant immediate appeal.

possibility that further proceedings in the district court will obviate the need for us to decide the intricate constitutional issue presented by this appeal. For example, a judgment against plaintiffs on their remaining claims might well moot any dispute over the availability of injunctive relief. And, of course, the district court remains free to modify its order prior to a final disposition on the merits.

We therefore conclude that the district court's order is not appealable under 28 U.S.C. § 1292(a)(1), and dismiss the appeal for lack of jurisdiction.

*So ordered.*