819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
STATE OF MARYLAND; State Executive Department; Center of
Adult Education; Richard G. Vicens; Office of
Facilities Management; University of
Maryland at Baltimore,
Defendant-Appellee.
 No. 86-2191.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 5, 1987.
Decided May 29, 1987.
 
 Before RUSSELL, HALL and ERVIN, Circuit Judges.
 Curtis L. Wrenn, appellant pro se.
 Lawrence White, Nanette Debra Levine, Susan Blum, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Curtis Wrenn appeals an order of the district court which denied his motion to file an amended and supplemental complaint. The appellees have moved to dismiss the appeal as interlocutory.
 
 
 2
 As a general rule, pretrial orders that advance a case to trial without disposing of the case on the merits are not appealable prior to the entry of final judgment. Lewis v. Bloomsburg Mills, 608 F.2d 971, 973 (4th Cir.1979). Wrenn seeks to obtain interlocutory review of the court's order in this case, however, by arguing that it has the effect of denying injunctive relief and so is appealable under 28 U.S.C. Sec. 1292(a)(1). An order which has the effect of refusing an injunction is appealable under Sec. 1292(a)(1) only if the order might have a "serious, perhaps irreparable, consequence" and if the order can be "effectually challenged" only by immediate appeal. Carson v. American Brands, 450 U.S. 79, 84 (1981). See also Stringfellow v. Concerned Neighbors In Action, --- U.S. ----, 55 U.S.L.W. 4299, 4302 (Mar. 9, 1987). Although Wrenn's amended and supplemental complaint contained requests for injunctive relief so that the order denying leave to amend had the effect of refusing injunctive relief, Wrenn has failed to make the showings required by Carson to sustain appellate jurisdiction.
 
 
 3
 Wrenn, proceeding pro se, initiated this employment discrimination action in April 1983, naming as defendants the State of Maryland, the University of Maryland, and the Director of the Office of Facilities Management at the University of Maryland at Baltimore. Wrenn's prayer for relief in this initial complaint included requests for preliminary injunctive relief in the form of immediate hiring and permanent injunctive relief in the form of an injunction against continuing discrimination, as well as a request for damages for the charged discriminatory refusal to hire. Despite the inclusion of a request for preliminary injunctive relief in his complaint, Wrenn never moved for an award of such relief. In January 1985 counsel appearing on behalf of Wrenn filed an amended complaint. Among the changes made by the amended complaint was the deletion of any request for preliminary or permanent injunctive relief. In July 1986 Wrenn, once again proceeding pro se, filed the motion for leave to file an amended and supplemental complaint which is the subject of this appeal. As described by Wrenn in his motion, the proposed amended complaint would make two basic changes: it would add a claim of continuing violation and add six new defendants. The district court denied leave to amend, finding that the defendants would be substantially prejudiced and justice would not be served by allowing the amendment.
 
 
 4
 The above summary suggests that Wrenn included requests for injunctive relief in his amended and supplemental complaint purely as a matter of routine. Although his initial complaint, filed in 1983, contained a request for immediate hiring, Wrenn made no effort to press this request. The amended complaint filed by his attorney deleted the request entirely, and although the request again appeared in Wrenn's amended and supplemental complaint, Wrenn's motion to file this complaint did not point to injunctive relief as one of the changes he sought. Wrenn has not indicated the present availability of any particular job or any other reason he might wish to press a claim for preliminary injunctive relief.
 
 
 5
 In these circumstances, although the denial of leave to file the new complaint technically may have had the effect of denying a request for immediate hiring, the order did not have the serious, perhaps irreparable consequences required by Carson to make the order appealable. "[T]he logical significance of an effective denial of preliminary relief is undermined if it appears that the request for preliminary relief was included in the complaint as a matter of routine and despite reasonable opportunity is not being pressed." Gillis v. United States Department of Health and Human Services, 759 F.2d 565, 568 (6th Cir.) (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure Sec. 3924, at 70 (1977)), cert. denied, --- U.S. ---, 53 U.S.L.W. 2554 (Apr. 19, 1985). See also Plymouth County Nuclear Information Committee, Inc. v. Boston Edison Co., 655 F.2d 15, 17-18 (1st Cir.1981).
 
 
 6
 Nor does the fact that the proposed complaint included a request for permanent injunctive relief in the form of an injunction against future discrimination make the order immediately appealable. As a practical matter, it should be noted that the district court's refusal to allow the amendment was based on its determination that the defendants would be unfairly prejudiced by an expansion of the scope of the litigation at this late date. If Wrenn wished simply to add a claim for injunctive relief to his present request for relief, such a proposal might be viewed more favorably by the district court. At any rate, Wrenn has failed to demonstrate any irreparable consequence resulting from the purported denial of permanent injunctive relief or any reason why appellate review cannot await the entry of final judgment. See Samayoa v. Chicago Board of Education, 783 F.2d 102, 103-04 (7th Cir.1986); Shanks v. City of Dallas, 752 F.2d 1092, 1095-98 (5th Cir.1985).
 
 
 7
 Finding that Wrenn has failed to establish the appealability of the order under the Supreme Court's decision in Carson, we grant appellees' motion to dismiss. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 8
 DISMISSED.