GARDNER *v.* WESTINGHOUSE BROADCASTING CO.

No. 77–560. Argued March 22, 1978—Decided June 21, 1978

STEVENS, J., delivered the opinion for a unanimous Court.

*Robert N. Hackett* argued the cause and filed a brief for petitioner.

*Leonard L. Scheinholtz* argued the cause for respondent. With him on the brief were *Peter D. Post, Wendell G. Freeland, Richard F. Kronz,* and *Stuart I. Saltman.*

MR. JUSTICE STEVENS delivered the opinion of the Court.

The United States Court of Appeals for the Third Circuit held that the denial of a class certification could not be appealed immediately under 28 U. S. C. § 1292 (a)(1) [1] as an

[1] "§ 1292. Interlocutory decisions.

"(a) The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or

order refusing an injunction. 559 F. 2d 209. Because there is a conflict among the Circuits on the question whether § 1292 (a)(1) authorizes such an appeal,[2] we granted certiorari. 434 U. S. 984. We affirm.

Petitioner unsuccessfully applied for employment as a radio talk-show host at a station owned by respondent. She then brought this civil rights action on behalf of herself and other ,females adversely affected by respondent's alleged practice of discriminating against women. The class she sought to represent included respondent's past, present, and future female employees; unsuccessful female applicants; females deterred by respondent's reputation from applying for employment; and females who will not in the future be considered for employment by respondent on account of their sex. Her complaint prayed for equitable relief for the entire class.[3]

Petitioner moved for a class certification pursuant to Fed. Rule Civ. Proc. 23 (b).[4] The District Court denied the motion

refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . ."

[2] Compare *Williams* v. *Wallace Silversmiths, Inc.,* 566 F. 2d 364 (CA2 1977); *Williams* v. *Mumford,* 167 U. S. App. D. C. 125, 511 F. 2d 363 (1975), cert. denied, 423 U. S. 828 (holding that such orders are not immediately appealable under § 1292 (a)(1)), with *Smith* v. *Merchants & Farmers Bank,* 574 F. 2d 982 (CA8 1978); *Jones* v. *Diamond,* 519 F. 2d 1090 (CA5 1975); *Price* v. *Lucky Stores, Inc.,* 501 F. 2d 1177 (CA9 1974); *Yaffe* v. *Powers,* 454 F. 2d 1362 (CA1 1972); *Brunson* v. *Board of Trustees of School District 1,* 311 F. 2d 107 (CA4 1962), cert. denied, 373 U. S. 933 (holding that such orders are appealable).

[3] Petitioner did not file a motion for a preliminary injunction; for that reason, the issue decided in *Jenkins* v. *Blue Cross Mutual Hospital Insurance, Inc.,* 538 F. 2d 164 (CA7 1976), cert. denied, 429 U. S. 986 (plaintiff's appeal from denial of class certification and denial of preliminary injunction held within appellate jurisdiction), is not before us.

[4] On the same day that she filed her motion for class-action certification, petitioner also filed a motion to compel respondent to answer interrogatories concerning its employee rosters at other radio stations, owned and operated by respondent and located in other cities. The District

on the grounds that petitioner's claim was not typical and that the case did not present questions of law or fact common to the class. She immediately appealed, invoking the jurisdiction of the Court of Appeals under § 1292 (a)(1).[5]

Petitioner argues that the relief that could be granted in favor of the class if she prevails would be broader than the relief that she may obtain as an individual. The practical effect of the denial of class certification is, therefore, to refuse a substantial portion of the injunctive relief requested in the complaint. Relying on our decision in *General Electric Co.* v. *Marvel Rare Metals Co.*, 287 U. S. 430, petitioner then argues that this sort of effect on a request for injunctive relief establishes appealability under § 1292 (a)(1). We cannot agree; indeed the argument misconceives both the scope of § 1292 (a)(1) and the import of decisions such as *General Electric*.

The history of § 1292 (a)(1), which we reviewed in *Baltimore Contractors* v. *Bodinger*, 348 U. S. 176, 178–181, need not be repeated. It is sufficient to note that the statute creates an exception from the long-established policy against piecemeal appeals, which this Court is not authorized to enlarge or extend. The exception is a narrow one and is keyed to the "need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Id.*, at 181.

The order denying class certification in this case did not have any such "irreparable" effect. It could be reviewed both prior to and after final judgment;[6] it did not affect the merits

---

Court did not pass on this second motion because it denied class-action certification.

[5] Petitioner did not seek certification of her appeal pursuant to § 1292 (b).

[6] As the Court of Appeals noted, a decision on class-action status "may be conditional, subject to alteration or amendment prior to final judgment, F. R. Civ. P. 23 (c)(1) . . . . If, after judgment on the merits, the relief granted is deemed unsatisfactory, the question of class status is fully

of petitioner's own claim; and it did not pass on the legal sufficiency of any claims for injunctive relief.[7] This stands in sharp contrast to the order in *General Electric*.[8] In that case the Court held that an order dismissing a counterclaim for an injunction was appealable. The order, therefore, entirely disposed of the defendant's prayer for injunctive relief; here, the order merely limits the scope of the relief that may ultimately be granted. While it may have a significant effect on the litigation, "[m]any interlocutory orders are equally important, . . . but they are not for that reason converted into injunctions." *Morgantown* v. *Royal Insurance Co.*, 337 U. S. 254, 258.

As we stated in *Switzerland Cheese Assn., Inc.* v. *E. Horne's Market, Inc.*, 385 U. S. 23, 24, "we approach this

reviewable." 559 F. 2d 209, 212; see also *United Airlines, Inc.* v. *McDonald*, 432 U. S. 385, 393.

[7] There is an important distinction between an order denying an injunction on the merits and "one based on alleged abuse of a discretionary power over the scope of the action." *Stewart-Warner Corp.* v. *Westinghouse Electric Corp.*, 325 F. 2d 822, 829 (CA2 1963) (Friendly, J., dissenting).

"Where the order is of the former type, the danger of serious harm from the court's erroneous belief in the existence of a legal barrier to its entertaining a claim for an injunction has been thought to outweigh the general undesirability of interlocutory appeals. The very fact that the second type of order hinges on the trial court's discretion is itself an indication that such orders, relating primarily to convenience in litigation, carry a lesser threat of harm." *Ibid.*

[8] In addition to *General Electric*, petitioner relies on *Enelow* v. *New York Life Insurance Co.*, 293 U. S. 379, and *Ettelson* v. *Metropolitan Life Insurance Co.*, 317 U. S. 188. Both of those cases, however, rest on the distinction between "legal" and "equitable" claims and supply no precedential weight for petitioner's argument. Our characterization of those cases in *Morgantown* v. *Royal Insurance Co.*, 337 U. S. 254, 258, is equally applicable here:

"[D]istinctions from common-law practice which supported our conclusions in the *Enelow* and *Ettelson* cases supply no analogy competent to make an injunction of what in any ordinary understanding of the word is not one."

statute [§ 1292 (a)(1)] somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." The exception does not embrace orders that have no direct or irreparable impact on the merits of the controversy. The order in this case, like the order in *Switzerland Cheese*, had no such impact; it "in no way touch[ed] on the merits of the claim but only relate[d] to pretrial procedures . . . ." *Id.*, at 25.[9]  A holding that such an order falls within § 1292 (a)(1) would compromise "the integrity of the congressional policy against piecemeal appeals."  385 U. S., at 25.

The judgment is affirmed.

*It is so ordered.*

---

[9] In *Switzerland Cheese* we held that an order denying a motion for summary judgment was not within § 1292 (a). Inasmuch as the requested summary judgment would have included an injunction against trademark infringement, that order was, if anything, a more direct refusal of an injunction than the order denying class certification in this case.

Of course, in one sense, the denial of class certification, like the denial of a summary judgment, does "touch on the merits," since a court must consider whether the complaint reveals common questions of law and fact, or whether there is a material issue of disputed fact. But this determination does not otherwise reflect on the legal sufficiency of the claim for injunctive relief.