Marie Melrose MONTI and California State Employees Association, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

DEPARTMENT OF INDUSTRIAL RELATIONS, STATE OF CALIFORNIA, Raymond Barrier and Donald Vial, Defendants-Appellees.

No. 77–3731.

United States Court of Appeals, Ninth Circuit.

Sept. 26, 1978.

Helen B. Culiner, San Francisco, Cal., for plaintiffs-appellants.

Gordon Zane, San Francisco, Cal., for defendants-appellees.

Before TRASK and SNEED, Circuit Judges, and RICHEY,* District Judge.

SNEED, Circuit Judge:

Plaintiffs appeal from an order of the district court denying their motion for class certification. In light of the Court's recent decision in *Gardner v. Westinghouse Broadcasting Co.*, —— U.S. ——, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978), this court lacks appellate jurisdiction under 28 U.S.C. § 1292(a)(1) to review the class certification denial. Alternatively, plaintiffs seek a writ of mandamus pursuant to 28 U.S.C. § 1651, to compel the district court to certify the class. The issuance of such a writ is inappropriate in this case. We therefore dismiss the appeal.

## I.

Plaintiff-appellant Monti brought this suit as a class action against the California Department of Industrial Relations (Department) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Appellant Monti later joined the California State Employees Association as co-plaintiff. Appellants charged the Department with systematically engaging in a pattern of employment discrimination against female employees. Specifically, appellants accused the Department of restricting female employment to certain divisions within the Department; limiting female employment to the lower-salaried professional levels within each division; and denying female employees promotional opportunities equal to those available to male employees. Plaintiffs prayed for declaratory relief, a permanent injunction, and compensatory promotions and awards. Plaintiffs moved for an order certifying their action as a class action on behalf of themselves and a class of past, present, and future female employees, applicants, and potential applicants. After a complete hearing, the district court denied the motion to certify the class action in an order filed October 25, 1977. Appellants perfect-

* Hon. Mary Anne Richey, United States District Judge, for the District of Arizona, sitting by designation.

**1228**

ed their appeal to this court without obtaining a § 1292(b) certification from the district judge. Upon appellants' motion this court ordered a stay of the proceedings in the district court and expedited the hearing on appeal.

## II.

 Subsequent to the filing of appellants' appeal, but prior to oral argument before this court, the Supreme Court rendered its decision in *Gardner v. Westinghouse Broadcasting Co.*, —— U.S. ——, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). *Gardner* controls the disposition of this case. A district court's denial of a motion for class certification may not immediately be appealed under 28 U.S.C. § 1292(a)(1). *Gardner*, 98 S.Ct. at 2452. The exception to the congressionally established policy against piecemeal appeals embodied in § 1292(a)(1) is a narrow one "keyed to the 'need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" *Id.* at 2453 (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 99 L.Ed. 233 (1955)). As was true in *Gardner*, the order denying class certification in this case does not have any such irreparable effect. It is subject to review both prior to and after final judgment, it does not affect the merits of appellants' own claims, and it does not pass on the legal sufficiency of any claims for injunctive relief. *See Gardner*, 98 S.Ct. at 2453–54.

 Although *Gardner* was announced during the pendency of this appeal, we are convinced that no "manifest injustice" will result from our decision to adhere to the principle that "an appellate court must apply the law in effect at the time that it renders its decision." *Bradley v. School Board of Richmond*, 416 U.S. 696, 711, 714, 94 S.Ct. 2006, 2017, 40 L.Ed.2d 476 (1974) (quoting *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969)); *Wasserman v. Municipal Court of Alhambra Judicial District*, 543 F.2d 723, 725 (9th Cir. 1976). Appellants also have urged this court to exercise its

authority to issue a writ of mandamus compelling the district court to certify the class. We are convinced that such an act is singularly inappropriate in this case and would emasculate attempts to preserve "the integrity of the congressional policy against piecemeal appeals." *Gardner*, 98 S.Ct. at 2454 (quoting *Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966)). *See Coopers & Lybrand v. Livesay*, —— U.S. ——, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Accordingly, this appeal is dismissed.

DISMISSED.