**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Jerry J. COLAHAN et al., Defendants–Appellees.**

**No. 79–3767.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 15, 1980.

Decided Dec. 11, 1980.

Randolph Baxter, Asst. U. S. Atty., Cleveland, Ohio, Richard E. Geyer and Donald F. Segal, Food and Drug Administration, Rockville, Md., John J. Powers, II, Peter L. de la Cruz, Dept. of Justice, Washington, D. C., for the U. S.

Stanley M. Fisher, Guren, Merritt, Sogg & Cohen, Frances Mitchell Schaul, Cleveland, Ohio, for defendants-appellees.

Before MERRITT and BROWN, Circuit Judges, and GUY, District Judge.*

BAILEY BROWN, Circuit Judge.

The government brought this action against Colahan and others (herein collectively referred to as Colahan), alleging that Colahan sold veterinary drugs directly to dairy farmers without a prescription in violation of an applicable regulation promulgated by the Food and Drug Administration (FDA). The district court issued a temporary restraining order. This was replaced six days later by a stipulated order in which Colahan agreed not to distribute nine veterinary drugs until further order of the court. Colahan moved the court after about two months to vacate the stipulated order on the ground that FDA did not have authority to require a prescription in connection with the sale of these drugs. Almost a year later, the district court, recognizing that the question before it was whether the FDA had authority to promulgate the regulation upon which it relied and concluding that FDA did not have such authority, granted the motion to vacate. The district court denied the government's motion to recon-

* Honorable Ralph B. Guy, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

sider, denied a certification under 28 U.S.C. § 1292(b), and denied a stay pending appeal. The government now appeals.

The government's appeal raises two issues. First, whether the court's action in granting the motion to vacate the stipulated order prohibiting the dispensing of the drugs except by veterinarian's prescription is appealable. Second, if the order is appealable, whether the court's ruling was in error and requires reversal by this court.

■ The government contends that the district court's ruling is appealable under 28 U.S.C. § 1292(a)(1).[1] This section provides a right of appeal from interlocutory decisions which grant, deny, or dissolve injunctions. The record here shows that the order from which the government appeals dissolved, over the government's objection, the stipulated order which prohibited distribution of drugs except by prescription.

We conclude that the order vacating the stipulated order amounted to the dissolution or refusal of an injunction within the meaning of § 1292(a)(1). The basis for the district court's vacating of the order was its opinion that the FDA had no authority, as a proposition of law, to require that the drugs be distributed only pursuant to a prescription. Thus the injunction was dissolved or refused on the merits. *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481, n. 7, 98 S.Ct. 2451, 2453 n. 7, 57 L.Ed.2d 364 (1978).

■ As we find the order is appealable, we must consider whether it was an error to vacate the order enjoining Colahan from distributing the nine veterinary drugs. While a district court's refusing or dissolving of a temporary injunction can be reversed on appeal only if it is determined that the district court abused its discretion, if the district court erred as a matter of law, as the government here contends, such

would be an abuse of discretion. *United States v. Beaty*, 288 F.2d 653 (6th Cir. 1961).

FDA contends that, in selling the involved drugs to dairy farmers, the drugs thereby become "misbranded" within the meaning of 21 U.S.C. § 352(f) which provides:

A drug or device shall be deemed to be misbranded–

. . . . .

(f) Unless its labeling bears (1) adequate directions for use .... *Provided,* That where any requirement of clause (1) of this subsection, as applied to any drug or device, is not necessary for the protection of the public health, the Secretary shall promulgate regulations exempting such drug or device from such requirement.

In this connection, FDA relies on 21 C.F.R. § 201.5 which provides in part:

"Adequate directions for use" means directions under which the layman can use a drug safely and for the purposes for which it is intended.

The FDA further relies on 21 C.F.R. § 201.105 which provides in part:

A drug intended for veterinary use which, because of toxicity or other potentiality for harmful effect, or the method of its use, is not safe for animal use except under the supervision of a licensed veterinarian, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502(f)(1) of the Act if all the following conditions are met:

(a) The drug is:

(1) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs and is to be sold only to or on the prescription or

---

1. **§ 1292. Interlocutory decisions**
    (a) The courts of appeals shall have jurisdiction of appeals from:
    (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court; ....

other order of a licensed veterinarian for use in the course of his professional practice; or

(2) In the possession of a licensed veterinarian for use in the course of his professional practice.

(b) The label of the drug bears:

(1) The statement "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian" . . . .

(c)(1) Labeling on or within the package from which the drug is to be dispensed bears adequate information for its use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which veterinarians licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented . . . .

FDA contends that directions cannot be written which would permit a layperson to use these drugs safely. Therefore, under 21 U.S.C. § 352(f), "adequate directions for use" cannot be written. Thus, contends FDA, under the proviso contained in § 352(f), it may require by regulation, as it has, that such drugs are exempt and thus approved for distribution *only* if the requirements of 21 C.F.R. § 201.105 are met since professional direction, in the words of the statute, "is necessary for the protection of the public health."

Colahan contends, and the district court ruled, that FDA had no authority to issue the regulation 21 C.F.R. § 201.105. As stated in the district court's opinion vacating the stipulated order:

The above–emphasized statutory proviso allows the Secretary to act only when the condition stated in § 352(f) exists: adequate directions for use as part of the label and packaging contents are unnecessary for protection of the public health. The Secretary may not act when that condition is not evident. If adequate directions for use *are* necessary for the protection of the public health, § 352(f)

does not provide the Secretary with authority to draft and adopt regulations. Additionally, even when that condition is met, the Secretary is only empowered to make *exemptions* from regulation, not enact more stringent restrictions such as § 201.105. However, it is clearly the Secretary's position that adequate directions for use *are* necessary here to protect the public health, as evidenced by the requirement of a prescription and the cautionary legend. The statute just does not provide regulatory authority for situations such as this where it is claimed that "adequate directions for use" can never be written for the protection of the general public because the drug and its side–effects are so complex that it can be dispensed properly only on the advice of a veterinarian.

We conclude that, while the language of 21 U.S.C. § 352(f) and particularly the proviso therein would suggest that the FDA could exempt a drug only when directions for use are not needed, the proviso is also subject to the interpretation argued by the government. We further conclude that the government's interpretation is the correct one. We therefore reverse the decision of the district court. The reasons for our conclusion are as follows:

First, Colahan's interpretation of the statute reaches a totally unreasonable result. His interpretation would require that the FDA either allow unrestricted over–the-counter sale of all veterinary drugs or withdraw useful drugs from the market that the FDA considers to be dangerous unless sold by prescription.

We are also persuaded by the FDA's longstanding exercise of authority to issue and enforce this regulation. FDA first promulgated the challenged regulation in 1938. This administrative interpretation over many years is entitled to great weight. *Commissioner v. First Security Bank*, 405 U.S. 394, 403, n. 16, 92 S.Ct. 1085, 1091, 31 L.Ed.2d 318 (1972). Implementation of the Act's complex statutory scheme is a job entrusted in the first instance to the FDA. Therefore, since there is more than one

reasonable interpretation of this statute, the court should follow the interpretation urged by the FDA. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *United States v. Articles of Drug*, 625 F.2d 665 (5th Cir. 1980).

 Further supporting FDA's position is the clear indication that Congress has been aware since 1938 of the FDA's interpretation of its statutory authority while it was legislating in this area, and yet Congress has not restricted such FDA authority. Congress passed the Durham–Humphrey Amendments in 1951. 65 Stat. 648 (1951). This amended parts of the Act's regulatory scheme. The House report noted awareness of the authority asserted by the FDA. In discussing "adequate directions for use," the report stated:

> Drugs suitable for use only by or under the direction of a licensed practitioner have been exempted from the adequate directions requirement on condition that they be labeled ... [with the prescription legend].
> H.R. Rep. No. 700, 82d Cong., 1st Sess. 4 (1951).

Despite Congressional awareness of the FDA's interpretation of its authority under the Act, and despite revisions of the Act in 1951 and 1962,[2] Congress has not eliminated or modified FDA's asserted authority. "[A]n agency's longstanding construction of its statutory mandate is entitled to great respect, 'especially when Congress has refused to alter the administrative construction.'" *Board of Governors v. First Lincolnwood Corp.*, 439 U.S. 234, 248, 99 S.Ct. 505, 513, 58 L.Ed.2d 484 (1978). Once an agency's interpretation of a statute has been brought to the attention of Congress, and Congress has not sought to alter that interpretation although it has amended the statute in other respects, then presumably the legislative intent has been correctly discerned. *United States v. Rutherford*, 442 U.S. 544, 554, n. 10, 99 S.Ct. 2470, 2476 n. 10, 61 L.Ed.2d 68 (1979).

Lastly, this assertion of FDA authority has been recognized and approved by the courts. *United States v. El–O–Pathic Pharmacy*, 192 F.2d 62 (9th Cir. 1951); *United States v. Articles of Drug*, 625 F.2d 665 (5th Cir. 1980).

Therefore, we conclude that the district court erred as a matter of law in dissolving the stipulated order preventing Colahan from dispensing certain veterinary drugs without prescription on the ground that FDA had no authority to require prescriptions as a prerequisite to dispensing of the drugs. We remand with instructions to the district court to reinstate the stipulated order and for further proceedings not inconsistent with this opinion.

**2.** See Drug Amendments of 1962, Pub.L.No. 87–781, 76 Stat. 780 (1962); Federal Food, Drug, and Cosmetic Act Amendments (Durham–Humphrey amendments) Pub.L.No. 82–215, 65 Stat. 648 (1951).