977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Colvin McCRIGHT, Jr., Plaintiff-Appellant,
v.
Michael SANTOKI; R.G. Borg, Defendants-Appellees.
 No. 91-15905.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 24, 1992.*
Decided Oct. 1, 1992.
 
 Before CANBY, REINHARDT, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Background
 
 2
 Colvin McCright, Jr. ("McCright"), appeals pro se the district court's order denying his motion for a preliminary injunction. In the underlying action, McCright challenges under 42 U.S.C. § 1983 his transfer from San Quentin to New Folsom. McCright alleges that in retaliation for the filing of his § 1983 suit, prison officials denied him access to the prison law library, kept him in Administrative Segregation, placed him in a double cell with a dangerous cellmate who attacked him, denied him adequate medical treatment, and denied him access to his legal property.
 
 
 3
 To protect himself against future retaliation, McCright sought a preliminary injunction in the district court requiring prison officials to house him in a single cell. The district court, following the recommendations of the magistrate judge, found that McCright no longer suffered the conditions of which he complained, and therefore denied the preliminary injunction as moot and on the ground that McCright failed to demonstrate a significant threat of "irreparable harm" absent the injunction. We affirm on the latter ground.[1]
 
 Discussion
 
 4
 I. Jurisdiction.
 
 
 5
 We have jurisdiction under 28 U.S.C. § 1292(a)(1), which states that "the courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions." The State argues that this appeal falls under an exception to § 1292(a)(1) for cases in which an appellate order modifying an injunction would have no impact on the merits of the controversy. See Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480 (1978). However, Gardner involved a denial of class certification, and not the direct denial of an injunction, which 28 U.S.C. § 1292(a)(1) explicitly gives us jurisdiction to hear.
 
 
 6
 II. Merits.
 
 
 7
 A. Motion for preliminary injunction requiring prison officials to house McCright in a single cell.
 
 
 8
 Initially, we note that McCright's request for a preliminary injunction ordering prison officials to house him in a single cell is not moot--McCright is currently housed in a double cell.
 
 
 9
 A plaintiff seeking a preliminary injunction must demonstrate that there exists a significant threat of irreparable injury unless the injunction issues. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). We affirm the district court's finding that McCright has not shown a sufficient threat of irreparable injury to entitle him to preliminary injunctive relief.
 
 
 10
 The district court adopted the magistrate judge's finding that "[b]ecause plaintiff is presently housed with a compatible cellmate, any fear regarding a future cellmate is speculative." Op. at 5. We may only disregard a finding of fact if it is clearly erroneous. See Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752 (9th Cir.1982). On the record before us, we are unable to discern clear error in the district court's finding that McCright is now safely housed with a compatible cellmate, and that he will remain so. We therefore conclude that the district court did not abuse its discretion by denying a preliminary injunction. See Sports Form, 686 F.2d at 752 (district court order denying a preliminary injunction is reviewed for abuse of discretion).
 
 
 11
 B. Access to the Law Library.
 
 
 12
 The district court dismissed McCright's claim of denial of access to the law library as moot because the state had released McCright from the infirmary and Administrative Segregation, thereby restoring his library access privileges. However, "voluntary cessation of allegedly illegal conduct does not make a case moot." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (1985). "[A] case may become moot if (1) it can be said with assurance that there is no reasonable expectation ... that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. (citation and internal quotations omitted). Here, we cannot say "with assurance" that the petitioner's expectation that the alleged violation will recur is unreasonable. The fact that prison officials have voluntarily changed McCright's status so as to restore his library privileges does not suffice to meet the government's "heavy" burden of proving mootness. See United States v. W.T. Grant, 345 U.S. 629, 633 (1953).
 
 
 13
 That McCright's case is not moot does not mean that he is entitled to a preliminary injunction. Despite our conclusion that McCright's claim is not moot, we conclude that he has not shown that "irreparable injury" is sufficiently likely to recur to necessitate issuance of a preliminary injunction. McCright only alleges that his library access was interrupted while he was housed in the infirmary and in Administrative Segregation. McCright has since been returned to an ordinary cell, and as we concluded in Part II.A., his fear of a change in his present housing situation is speculative. We therefore affirm the denial of McCright's request for a preliminary injunction guaranteeing his access to the law library on the ground that McCright has not demonstrated a significant threat of an irreparable injury. See Oakland Tribune 762 F.2d at 1376. We need not comment on the question whether it would be lawful to limit library access during periods of illness or discipline, or the extent to which such restrictions might be permissible.
 
 Conclusion
 
 14
 We AFFIRM the district court's order denying a preliminary injunction.
 
 
 
 *
 This case was submitted without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the course of the proceedings below, McCright also moved for Rule 11 sanctions against the attorneys for the prison, alleging that they filed a frivolous motion to dismiss his motion for a preliminary injunction. We address McCright's motion for sanctions in a separate, published opinion