46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael BROOKS, et al., Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES, et al., Defendants-Appellees.
 No. 93-56041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Jan. 23, 1995.
 
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE,* District Judge.
 MEMORANDUM**
 Michael Brooks (Brooks) appeals several interlocutory orders pursuant to Rule 54(b) certification. We vacate the orders and remand the case.
 Brooks brought this action against the County of Los Angeles (County) and various employees of the County as a result of an incident in which Brooks was attacked by a police dog and arrested by County deputies. In his complaint, Brooks asserted several claims. Pursuant to 42 U.S.C. Sec. 1983, he alleged that the deputies used unreasonable and excessive force when they arrested him and allowed the dog to attack him and also that they conspired to use excessive force (Count I). He also alleged that the deputies falsified reports regarding the incident and that they conspired to falsify reports (Count III). With regard to these claims, Brooks alleged that the County was liable for the deputies' actions pursuant to Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) (Counts II and IV). Count V alleged that the deputies negligently controlled the attack dog. And finally, Count VI alleged that Brooks' wife, Vickie, was unlawfully arrested. The facts underlying all claims remain in dispute.
 After a series of motions, hearings, and orders, the parties consented to proceed before a magistrate judge. After transfer of the case, the magistrate entered an order which stated that:
 Pursuant to [Fed.R.Civ.P.] 54(b), the court expressly determines that there is no just reason for delay and the court expressly directs that judgment be entered upon (a) the orders entered on August 30, 1991; (b) the orders entered on April 15, 1993, (c) the orders made on March 16, 1993 and (d) the orders made on May 7, 1993.
 Further, the order stayed all proceedings pending resolution of this appeal. All of the orders certified for appeal were entered by the district court prior to the transfer of the case to the magistrate, except for the order entered on May 7, 1993, which was entered by the magistrate.
 The orders contain a broad scope of rulings. The order entered on August 30, 1991, dismissed the County as a party. It also dismissed several deputies with respect to Vickie's claim and denied summary judgment for several deputies. The order entered April 15, 1993, contained evidentiary rulings, granted a motion to bifurcate punitive damages and liability, and dismissed Brooks' cause of action for conspiracy under Count III. The order entered on May 7, 1993, stayed Brooks' negligence claim, dismissed Brooks' "access to the court claim ... as premature," and denied "Defendants' motion to dismiss based on qualified immunity due on the search of claim [sic]." Finally, the orders entered on March 16, 1993, were a series of rulings from the bench. During that hearing, the district court granted qualified immunity "in the chase and arrest" of Brooks. However, the district court failed to indicate which individuals were entitled to qualified immunity. Also during the hearing, the district court made evidentiary rulings and, once again, dismissed the conspiracy claims. Brooks appeals these orders pursuant to Rule 54(b) certification.
 We review the trial court's grant of Rule 54(b) certification for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir.1991). "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case.... However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." Id. at 797-98 (internal quotations omitted). "The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir.1981). A statement articulating the trial court's reasoning for Rule 54(b) certification is crucial in a case in which the facts are in dispute and the certified orders are summary and fail to separate the legal issues from the factual issues. See Texaco, 939 F.2d at 798 (noting the district court's rulings "separated the legal from the factual questions"). Absent such a statement, we can properly review the appealed orders only if they clearly articulate the final decision and its basis.
 We reject the trial court's Rule 54(b) certification of its orders in this case. It certified four orders, each of which contained several rulings. Clearly, all the rulings were not final decisions which could be certified under Rule 54(b). For example, it certified several evidentiary rulings, none of which were final decisions or would otherwise be unreviewable after a final judgment in the entire case. See In re Fischel, 557 F.2d 209, 213 (9th Cir.1977) (no jurisdiction to review interlocutory appeal from denial of motion to strike evidence); Gardner v. Westinghouse Broadcasting, Co., 559 F.2d 209, 212 (3d Cir.1977) ("Evidentiary rulings ... can be critically important but they are not the proper subject of an interlocutory appeal."), aff'd on other grounds, 437 U.S. 478 (1978). With regard to the dismissal of parties and claims, the district court did not articulate its bases for these dismissals. Notably, it did not even indicate whether its dismissals were factually or legally based.
 Finally, although the district court did clarify the facts for the purposes of granting qualified immunity by assuming that Brooks' motorcycle was intentionally struck by a patrol car, it is unclear as to which of the defendants the district court granted qualified immunity. Presumably, it intended to grant qualified immunity to the deputy driving the car. However, because officers who do not use excessive force but are present during its use may be liable for a violation of Sec. 1983, see e.g. United States v. Reese, 2 F.3d 870, 890 (9th Cir.1993) (holding supervising officer "who stands by and watches" may be liable for use of excessive force), cert. denied, 114 S.Ct. 928 (1994), the district court may have intended to grant qualified immunity to deputies other than the driver of the patrol car. Furthermore, the district court granted qualified immunity with regard to the "chase and arrest" of Brooks. Removal of the dog occurred during the arrest of Brooks. Thus, the grant of qualified immunity contradicts the parties' statements at oral argument that a remaining issue for trial is whether the failure to remove the dog promptly was excessive force.
 Because of the summary nature of the orders and their conflicting rulings and because of the court's failure to specify findings setting forth the reasons for its Rule 54(b) certification and separating the legal issues from factual issues, we cannot review the orders. We decline to entertain piecemeal appeals in this case which should be reviewed only after factual disputes have been resolved and the trial court enters a final judgment with respect to all claims and parties.
 The orders appealed are vacated, and the case is remanded for further proceedings.
 VACATED and REMANDED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3