TROVAN LIMITED, a Corporation of the United Kingdom; Electronic Identification Devices, Ltd., a California Corporation, Plaintiffs–Appellants,

v.

PFIZER, INC., a Delaware Corporation, Defendant–Appellee.

No. 00–56083.

D.C. No. CV–98–00094–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Nov. 1, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before BOOCHEVER, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM *

Trovan Ltd., and its California licensee, Electronic Identification Devices, Ltd., (collectively Trovan), appeal the district court's order vacating a permanent injunction after the court ordered a new trial as to liability in Trovan's action against Pfizer, Inc. We dismiss for lack of jurisdiction.

In general, an order granting a new trial is interlocutory in nature and cannot be immediately appealed. *See Allied Chem. Corp. v. Daiflon,* 449 U.S. 33, 34–36, 101 S.Ct. 188, 190–91, 66 L.Ed.2d 193 (1980); *Roy v. Volkswagenwerk Aktiengesellschaft,* 781 F.2d 670, 671 (9th Cir.1985). A claim that the grant was improper must wait for review until there is a final judgment. *Allied Chem.,* 449 U.S. at 36, 101 S.Ct. at 191. So it is here.

We recognize that we often have jurisdiction over appeals from orders dissolving injunctions [1] and that the inevitable result of the new trial order was to dissolve the injunction based upon it because the injunction then lacked any support whatsoever. Thus, if we did not scratch the surface of Trovan's argument, it would appear that we have jurisdiction anyway. But we have scratched the surface, and that scratches Trovan's argument also.

In the first place, because of the posture of this case there are no factual determinations for or against Trovan's injunction claim. Those remain in controversy, and, in effect, the district court has neither

1. 28 U.S.C. § 1292(a)(1); *Armstrong v. Wilson,* 124 F.3d 1019, 1021 (9th Cir.1997).

granted nor denied injunctive relief. *See Gamboa v. Chandler*, 101 F.3d 90, 91 (9th Cir.1996) (en banc); *Shanks v. City of Dallas*, 752 F.2d 1092, 1096–97 (5th Cir. 1985). Secondly, the grant of a new trial had "no direct or irreparable effect on the merits of the controversy." *Gardner v. Westinghouse Broad. Corp.*, 437 U.S. 478, 482, 98 S.Ct. 2451, 2454, 57 L.Ed.2d 364 (1978). It did not "reflect on the legal sufficiency of the claim for injunctive relief." *Id.* at 482 n. 9, 98 S.Ct. at 2454 n. 9.

In fine, we lack jurisdiction to hear Trovan's appeal.

DISMISSED.