**In the Matter of Federal Grand Jury Investigation of Robert H. FENDLER**

Robert H. FENDLER,
Petitioner-Appellant,

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 78–3502.

United States Court of Appeals,
Ninth Circuit.

June 4, 1979.

Robert H. Fendler, Phoenix, Ariz., pro se.

Edmund G. Noyes, Jr., Asst. U. S. Atty., Phoenix, Ariz., for respondent-appellee.

Before BROWNING and CHOY, Circuit Judges.

### ORDER

Appellant, apparently under investigation by a federal grand jury in connection with the collapse of a thrift association, appeals an interlocutory order denying his petition to conduct a voir dire of the grand jurors regarding their possible bias, prejudice, or economic interest. We dismiss for lack of jurisdiction.

Appellant relies on various exceptions to the final judgment rule embodied in 28 U.S.C. § 1291, disfavoring piecemeal review of district court decisions in ongoing actions. The final judgment rule has special force in the criminal context. Appellate courts are particularly reluctant to intrude into grand jury proceedings. *See Cobbledick v. United States,* 309 U.S. 323, 327–28, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

There is no reason to depart from the policy against piecemeal appeals in this case. If and when an indictment is returned against appellant, he can raise his claims in a motion to dismiss the indictment, 28 U.S.C. § 1867(e) and Fed.P.Crim.P. 6(b)(2); and since denial of such a motion is reviewable on direct appeal from a criminal conviction, denial of review now will not render review impossible. *See United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 55 (1971); *United States v. Woodson,* 490 F.2d 1282 (9th Cir. 1974). *Compare In the Matter of the Special April 1977 Grand Jury,* 587 F.2d 889, 890–92 (7th Cir. 1978); *In re Special March 1974 Grand Jury,* 541 F.2d 166, 168–71 (7th Cir. 1976). Because the rights appellant asserts will not be irreparably lost, application of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct.

1221, 93 L.Ed. 1528 (1949), is also inappropriate. *See Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

 Appellant asserts jurisdiction under 28 U.S.C. §§ 1292(a)(1) and 1651(a). But the only request for relief sought and denied below resembling an injunction was appellant's prayer for a stay of the grand jury proceedings until voir dire could be conducted, and a stay for that purpose would not go to the merits of appellant's claim. The order denying the stay neither narrowed the range of activity about which appellant may complain nor restricted the breadth of the relief appellant may obtain.

It therefore falls outside section 1292(a)(1). *See Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 482, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978); *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir. 1976). The exercise of mandamus jurisdiction under section 1651(a) would be inappropriate in view of the remedy available on direct appeal. *See Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

Appeal dismissed.