75 F.3d 446
 96 Cal. Daily Op. Serv. 670, 96 Daily Journal
D.A.R. 1030
In re GRAND JURY SUBPOENA, Huntington Beach Police
Department to produce records before the grand jury.
HUNTINGTON BEACH POLICE OFFICERS ASSOCIATION, Intervenor-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-55360.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 12, 1995.
Filed Jan. 31, 1996.
 
 Larry J. Roberts, Orange, California, for intervenor/appellant.
 Michael J. Gennaco, Assistant United States Attorney, Los Angeles, California, for respondent/appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: T.G. NELSON and KLEINFELD, Circuit Judges; LEGGE, District Judge.*
 OPINION
 LEGGE, District Judge:
 Intervenors-Appellants are police officers. They appeal from the district court's denial of their motion to quash a federal grand jury subpoena. The subpoena requested the production of internal affairs investigation reports of their employer, the Huntington Beach Police Department. The internal affairs reports include statements that they have given to the investigators. Appellants argue that production of their statements would violate their Fifth Amendment rights. The district court declined to quash the subpoena, and we AFFIRM.
 I.
 The Department of Justice was conducting an investigation into alleged civil rights violations committed by the Huntington Beach police department. The Department of Justice learned that there were internal affairs reports relevant to the alleged violations. The U.S. Attorney therefore caused a grand jury subpoena duces tecum to be issued and served, requesting copies of the internal affairs reports concerning the events under investigation.
 The City of Huntington Beach moved to quash the subpoena. The appellants are unnamed police officers of the city, who intervened and also moved to quash the subpoena. The district court denied the motions to quash. The city has not appealed from the denial, but the intervenors have. The intervenors also moved to stay the district court's order for the city to comply with the subpoena, and the district court granted that stay pending this appeal.
 The district court's denial of the motion to quash is reviewed by this court for an abuse of discretion. In re Grand Jury Proceedings; Kinamon v. United States, 45 F.3d 343, 346 (9th Cir.1995) at 346. Whether there is a violation of the Fifth Amendment is a legal conclusion that we review de novo. Grand Jury Subpoena v. United States, 40 F.3d 1096, 1100 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995).
 II.
 Appellants argue that the Fifth Amendment protects against the production of their statements by the city to the grand jury. The United States contends that in this setting the Fifth Amendment prohibits the improper use of the statements and not their production. We agree with the United States. Decisions of the United States Supreme Court, this circuit, and other circuits have defined procedural safeguards against the improper use of such statements, which satisfy the requirements of the Fifth Amendment.
 The claim of the Fifth Amendment privilege is often made at the time of the making or the obtaining of a statement from a witness. This exercise of the privilege most often occurs when the witness is asked a question upon arrest, in a deposition, or on the witness stand at trial. In those settings, the privilege applies to the giving or obtaining of a statement.
 However, this case involves a different setting. The witnesses' statements have already been given. That is, the police officers have already made the statements which are contained in the internal affairs reports. The officers were compelled to make those statements under threat of loss of their employment. Cal.Govt.Code §§ 3300-3311. Lybarger v. City of Los Angeles, 40 Cal.3d 822, 827, 221 Cal.Rptr. 529, 710 P.2d 329 (1985). So we are dealing with statements already compelled and already made. In such a setting, when can the Fifth Amendment privilege be asserted?The same issue has arisen when a witness's statement was given under a grant of immunity. When a statement has been compelled by immunity, the focus then shifts to the use, rather than the obtaining, of the witness's statement. Cases have defined the application of the Fifth Amendment in a setting of compelled testimony. Those cases include Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); and In re Grand Jury Proceedings (Kinamon), 45 F.3d 343.
 III.
 In such a setting, the application of the Fifth Amendment privilege is to protect against any improper use of the compelled statement. Two procedures have been established to protect against improper use.
 One is a review of the statement by Department of Justice personnel who are not involved in the investigation or prosecution, to redact privileged testimony before either the grand jury or the prosecuting attorneys see the statement. This procedure has recently been approved by the Tenth Circuit in Grand Jury Subpoena, 40 F.3d at 1103. In this circuit, there is no per se rule against prosecuting attorneys seeing or screening privileged evidence. United States v. Crowson, 828 F.2d 1427, 1430 (9th Cir.1987), cert. denied, 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988). Self policing by the prosecution is frequent in criminal proceedings, such as in the government's obligations to produce from its files evidence which is exculpatory, is impeachment of a witness, or is a witness' statement. This circuit has stated that there is a "presumption that the government obeys the law." In re Grand Jury Proceedings, 555 F.2d 686 (9th Cir.1977).
 The second procedure is a so-called Kastigar hearing. In such a hearing, the government must bear " 'the heavy burden' of proving an independent source for all its evidence." United States v. Mapelli, 971 F.2d 284, 288 (9th Cir.1992) (quoting Kastigar, 406 U.S. at 461, 92 S.Ct. at 1665). Such hearings have already had the approval of this court in In re Grand Jury Proceedings (Kinamon), 45 F.3d at 348, and the Tenth Circuit in Grand Jury Subpoena, 40 F.3d at 1104. Such a hearing compels the government to establish that there is no Fifth Amendment violation in the use of the compelled statement.
 IV.
 We hold that the protection of the Fifth Amendment privilege, when applied to statements by police officers in internal affairs files, must focus on the use of those statements against the officers who gave them. The statements are not privileged from production to a subpoenaing authority. But the Fifth Amendment guards against any improper use of them. That protection is provided by the screening and redaction proposed here by the Department of Justice and by a later Kastigar hearing.
 
 
 1
 AFFIRMED.
 
 
 
 *
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation